*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
TIMOTHY EPIFAN,                    :
                                   :     Civ. Action No.: 11-2591 (FLW)
            Plaintiff,             :
                                   :
v.                                 :     **OPINION**
                                   :
FRANCISCO ROMAN,                   :
                                   :
            Defendant.             :
_____:

**WOLFSON, District Judge**:

This excessive force case was tried before a jury from June 8, 2015 to June 15, 2015, and the jury returned a verdict of no cause, finding that Plaintiff Timothy Epifan ("Plaintiff") failed to prove his § 1983 claim of excessive force against Defendant Francisco Roman ("Defendant" or "Roman"), a detective of the Somerset County Prosecutor's Office, related to an arrest of Plaintiff for illegal pirating of a movie. In the present matter, Plaintiff moves for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 50(b), or in the alternative for a new trial pursuant to Rule 59. For the reasons stated below, Plaintiff's motion is **DENIED**.

**I.     Procedural and Factual Background**

Because the parties are familiar with the facts, the Court will not belabor them here and will only recount those relevant to the current motion. Plaintiff's excessive force claim was brought based on an incident that occurred on June 10, 2009, wherein he and Defendant's official unmarked vehicle collided while Defendant was attempting to arrest Plaintiff for pirating the film, *Bruno*. At trial, testimony revealed that Plaintiff and his brother attended a screening of the film *Bruno* at the Reading Cinemas in Manville, New Jersey. Prior to arriving at the movie theater,

Plaintiff had indicated on an Internet message board that he intended to pirate the film on a particular day. The Motion Picture Association of America ("MPAA"), in response to Plaintiff's post, contacted the Somerset County Prosecutor's Office, which arranged for the representatives of the Prosecutor's Office, including Defendant, and a number of police officers from the Manville Police Department to be present at the theater.

On the day of the arrest, Roman, along with other officers, attempted to arrest Plaintiff and his brother at the parking lot of the theater. When an officer, on foot, approached Plaintiff, Plaintiff evaded the arrest by running across the parking lot. Defendant then began pursuing Plaintiff in his unmarked vehicle in order to aid the other officers in effectuating Plaintiff's arrest. However, in doing so, Defendant's vehicle and Plaintiff collided, and indeed, Plaintiff was dragged for some distance, causing physical injuries to Plaintiff, particularly to his leg. This suit ensued after the incident. Plaintiff claims that Defendant and the other officers intentionally caused Plaintiff bodily harm in violation of Plaintiff's constitutional rights.

After competing motions for summary judgment, the Court dismissed all defendants, except defendant Roman on the basis that there were genuine issues of material fact whether Roman intended to hit Plaintiff with his police vehicle. Prior to trial, Plaintiff and Defendant brought a number of *in limine* motions, two of which are particularly relevant here. First, Plaintiff moved to exclude any evidence of Plaintiff's prior (or future) bad acts of piracy. The Court considered Plaintiff's motion, and ultimately held that Defendant could only introduce could only "elicit from the Plaintiff that he was indeed indicating on the internet . . . that he was going to film Bruno." Trial Tr. 17-21, June 1, 2015. This testimony is relevant to explain why the various officers were on the scene. The other relevant *in limine* motion pertained to expert testimony in which Defendant sought to introduce certain evidence -- through Dr. Spiegel -- regarding

Plaintiff's alleged medical and psychological issues. The Court permitted Dr. Spiegel to testify, but excluded his testimony on Plaintiff's credibility. Nevertheless, the Court instructed Plaintiff that he would be permitted to cross-examine Dr. Spiegel on his evaluation of Plaintiff's injuries and statements.

At trial, Plaintiff introduced evidence and testimony related to the events that occurred on June 9, 2009, as well as the injuries sustained by Plaintiff as a result of the collision. Specifically, Plaintiff presented testimony from some of the police officers present at the scene, and testimony from a number of experts, who opined as to the cause of the accident. In addition to introducing Plaintiff's medical history, Plaintiff and his parents (who were not present at the scene) testified as to their version of the events. On June 15, 2015, Plaintiff rested his case. At that time, Defendant moved, pursuant to Rule 50(a), for a directed verdict. In response, Plaintiff cross-moved for the same relief. The Court reserved judgment on both motions. Defendant then presented his case, which included his testimony and several expert witnesses. The trial concluded on June 16, 2015, and in its verdict, the jury found that there was "No Cause" to find Defendant used excessive force in effectuating the arrest of Plaintiff.

Plaintiff timely filed the instant motion for a judgment notwithstanding the verdict, or alternatively for a new trial under Rules 50(b) and 59(a).

## II.     Rule 50(b) Motion

### A.     Standard of Review

Rule 50(a) provides that "[i]f a party has been fully heard on an issue during a jury trial," a court may grant a motion for judgment as a matter of law where the "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party . . . ." *See* Fed. R. Civ. P. 50(a). If the court denies the motion made under Rule 50(a), the

party may file a renewed motion for judgment as a matter of law under Rule 50(b) no later than twenty-eight days after judgment is entered. Fed. R. Civ. P. 50(b); *Ghee v. Marten Transport Ltd.*, No. 11-03718, 2013 WL 4500333, at *8 (D.N.J. Aug. 21, 2013). In deciding a 50(b) motion, the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *See* Fed. R. Civ. P. 50(b).

Relief under Rule 50 "should only be granted if the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Levine*, 2010 WL 2735303 at *1. (quoting *Raiczyk v. Ocean County Veterinary Hospital*, 377 F.3d 266, 269 (3d Cir. 2004). "The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly have found its verdict." *Id.* (quoting *Johnson v. Campbell*, 332 F.3d 199, 204 (3d Cir. 2003)).

**B.** **Procedural Issues**

At the outset, Defendant raises several procedural objections to Plaintiff's motion for a judgment notwithstanding the verdict. Specifically, Defendant contends that not only is Plaintiff's motion untimely,[1] but also that Plaintiff waived his right to bring this motion because he failed to renew his motion for a directed verdict at the close of all evidence. Moreover, Defendant argues that Plaintiff's motion is errenously supported by pretrial testimony and exhibits not admitted into evidence.

Rule 50(a) of the Federal Rules of Civil Procedure permits the court to grant a motion for

---

[1] Plaintiff's Rule 50(b) motion is timely filed. Defendant relies on an out-of-date version of the Federal Rules of Civil Procedure that required a motion under Rule 50(b) to be filed within 10 days of the entry of judgment. However, the Rules were revised in 2009 to extend the time period to 28 days after the entry of judgment. *See* Fed. R. Civ. P. 50(b) (amended 2009). Thus, since Plaintiff filed his motion on July 7, 2015, which was only 20 days after judgment was entered, the motion was filed timely.

judgment as a matter of law where "a party has been fully heard on an issue and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on the issue." Fed. R. Civ. P. 50(a). At issue here is whether Plaintiff sufficiently preserved his right to bring a renewed motion under Rule 50(b), particularly because – based on the record -- Plaintiff failed to renew his Rule 50(a) motion after the close of all the evidence. While courts formerly required parties to bring Rule 50(a) motions at the close of *all* evidence in order to preserve the right to bring a Rule 50(b) motion, *see, e.g, Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken*, 536 F.2d 9, 10 (3d Cir. 1976) ("Rule 50(b) requires that, as one predicate to judgment N.O.V., a motion for a directed verdict be made after presentation of all the evidence."), the 2006 Amendments to the Federal Rules of Civil Procedure relaxed this requirement. Indeed, under the 2006 Amendments, the right to bring a renewed motion under Rule 50(b) is preserved even where a party fails to renew his motion at the close of all evidence. *See* Fed. R. Civ. P. Rule 50, Note to 2006 Amendments ("Rule 50(b) is amended to permit renewal of any Rule 50(a) motion for judgment as a matter of law, deleting the requirement that a motion be made at the close of all the evidence.").

Nevertheless, while the current iteration of Rule 50(b) permits a party to bring a Rule 50(a) motion even if that party failed to renew the motion at the close of all evidence, that motion is limited to the evidence and legal grounds upon which it was brought. *See Jodlowska v. Soar Corp.*, No. 13-285, 2015 WL 745755, at *2 (E.D. Pa. Feb. 20, 2015) (holding that a Rule 50(a) motion raised before the close of all evidence "must necessarily be confined to the legal issues it raised when it made its pre-verdict Rule 50 motion and is limited to challenging the evidence in the record at that time.). Accordingly, contrary to Plaintiff's position, this Court may only consider the legal arguments raised by Plaintiff on his Rule 50(a) cross-motion for a directed verdict at the close of

*his* case.

Additionally, Defendant correctly argues that Plaintiff's motion inappropriately relies on deposition testimony and exhibits not admitted in evidence at the time of trial. In that regard, Defendant objects to Plaintiff's reliance on the deposition transcript of Phillip Coyne -- Defendant's police expert who did not testify at trial -- and other exhibits which were not admitted as substantive evidence, but merely used as demonstrative aids. Plaintiff's only response to this objection is his assertion that the reliance on Coyne's testimony is appropriate because his testimony "was introduced to the jury via the hypothetical presented to Chief Wilke's [*sic*]."

Indeed, on a Rule 50(b) motion, a court may only consider evidence that was properly in the record at the time the Rule 50(a) motion was brought. *Chinniah v. East Pennsboro Twp.*, 602 Fed. Appx. 558, 559 (3d Cir. 2015) ("As to questions of fact, '[o]ur review ... is limited to determining whether some evidence in the record supports the jury's verdict.'" (alteration in original)); *Jodlowska*, 2015 WL 745755 at *2 ("[Defendant's Rule 50(b)] motion must necessarily be confined to the legal issues it raised when it made its pre-verdict Rule 50 motion and is limited to challenging the evidence in the record at that time."); *see also L.P.P.R., Inc. v. Keller Crescent Corp.*, 532 Fed. Appx. 268 (3d Cir. 2013) ("A motion for a 'Rule 50 directed verdict . . . may be granted only if, as a matter of law, viewing all the evidence which has been tendered and should have been admitted in the light most favorable to the party opposing the motion, no jury could decide in that party's favor.'"); *Goodman v. Pennsylvania Turnpike Comm'n*, 293 F.3d 655 (3d Cir. 2002) ("Key to surviving a Rule 50 motion is a legally sufficient evidentiary basis for the verdict."). Accordingly, on this motion, the Court cannot consider any evidence or testimony that was not in the trial record, or properly admitted as evidence at the close of Plaintiff's case.[2] Thus,

---

[2] To the extent that Plaintiff contends that the exhibits "Whipple 1&2," which depict drag

I cannot consider the deposition of Phillip Coyne or other demonstrative aids as they were not admitted as evidence. Rather, Plaintiff's Rule 50(b) motion is limited only to the evidence admitted at the time Plaintiff's original Rule 50(a) motion was brought, i.e., at the end of Plaintiff's case-in-chief.

### C. Discussion

During trial, Plaintiff simply argued, pursuant to Rule 50(a), that evidence of the tire and drag marks, taken together with expert testimony regarding the appropriate use of force, demonstrated that Defendant acted intentionally, entitling Plaintiff to a directed verdict. *See* Trial Tr. June 15, 2015. Defendant, on the other hand, moved for a directed verdict on contrary grounds, arguing that Plaintiff had provided no evidence on which a reasonable jury could find Defendant acted intentionally.

Claims of excessive force, brought pursuant to Section 1983, are governed by the Fourth Amendment as it "guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989). In that connection, to prove that a defendant used excessive force in effectuating an arrest, a plaintiff must show not only that there was a seizure that triggered the Fourth Amendment, but also that there was "an intentional acquisition of physical control. *Brower v. Cnty. Of Inyo*, 489 U.S. 593, 595-96 (1989). Thus, while seizures must be judged under a reasonableness standard, plaintiffs alleging that law enforcement used excessive force, must also prove a deliberate act. *See Smart v. Borough of Lindenwold*, No. 07–6102, 2010 U.S. Dist. LEXIS 21929, at *3, 2010 WL 891344 (D.N.J. Mar. 9, 2010).

---

marks and the post-collision location of Defendant's car may be considered because they were used as demonstrative aids at trial, he is incorrect. These images were not admitted as substantive evidence because they were merely used as aids.

The presence of this deliberate act is precisely what is at issue on Plaintiff's Rule 50(b) motion. Plaintiff claims that the one-sided evidence he presented at trial as to Defendant's intentional act of striking Plaintiff with a police vehicle sufficiently permit Plaintiff to prevail as a matter of law. Indeed, Plaintiff, in arguing his cross-motion for a directed verdict, overly emphasized the deposition testimony of Defendant, played at trial, in which Defendant stated that nothing he did was an accident. *See* Trial Tr. 54. However, Defendant did not admit to committing any intentional act, as suggested by Plaintiff. Simply, the facts relied on by Plaintiff, taken together, do not demonstrate that the evidence of Defendant's intent would require a reasonable to jury to find in favor of Plaintiff. Indeed, Plaintiff admitted during his argument that his "evidence" of intent was circumstantial and based on factual inferences. And, the element of intent was vehemently disputed by Defendant and competing experts. Hence, I find that the record, as it stood when Plaintiff moved under Rule 50(a), was not so critically devoid of any evidence under which the jury could have found for Defendant. *See, e.g., Levine*, 2010 WL 2735303, at *2. Plaintiff's Rule 50(a) motion is denied.

### III. Plaintiff's Motion for a New Trial Pursuant to Rule 59(a)

Federal Rule of Civil Procedure Rule 59(a) provides, in relevant part, that:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....

Fed R. Civ. P. 59(a). Generally, courts have been permitted to grant new trials under several circumstances, including when "the verdict is against the clear weight of the evidence; damages are excessive; the trial was unfair; and [when] substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions . . . ." *Lyles v. Flagship Resort Development Corp.*, 371 F.Supp. 2d 597, 602 (D.N.J. 2005) (quoting *Lightning Lube, Inc., v. Witco*

*Corp.*, 802 F. Supp. 1180, 1186 (D.N.J. 1992), *aff'd*, 4 F.3d 1153 (3d Cir.1993)); *Matos v. City of Camden*, No. 06–205, 2010 WL 3199928, *1 (D.N.J. Aug. 12, 2010). A new trial may also be granted where counsel engaged in improper and prejudicial conduct. *See Fineman v. Armstrong World Indus., Inc.*, 930 F.2d 171, 207 (3d Cir. 1992); *Hayes v. Cha*, 338 F. Supp. 2d 470, 508 (D.N.J. 2004). In the absence of a finding that not granting a new trial would sanction a miscarriage of justice, the judge must respect the jury's verdict. *See Levine*, 2010 WL 2735303 at *3 (citing *Shanno v. Magee Indus. Enters., Inc.*, 856 F.2d 562, 567 (3d Cir. 1988); *see also Lyles*, 371 F.Supp.2d at 601–02 (citing *Roebuck v. Drexel University*, 852 F.2d 715, 736 (3d Cir. 1988)). "A trial court may not grant a new trial because it would have come to a different conclusion than that reached by the jury." *Id.* (citing *Lightning Lube, Inc.*, 802 F. Supp. at 1186).

Where claims are based on alleged improper conduct by opposing counsel, a new trial may be granted where it is "'reasonably probable' that defense counsel's improper remarks influenced the jury's verdict." *Vandenbraak v. Alfieri*, 209 Fed. Appx. 185, 189 (3d Cir. 2006). "'Because the trial judge was present and able to judge the impact of counsel's remarks,'" the district court has discretion in determining the prejudicial effect of counsel's statements. *Reiff v. Marks*, 511 Fed. Appx. 220, 223 (3d Cir. 2010) (quoting *Fineman v. Armstrong World Indus., Inc.*, 930 F.2d 171, 207 (3d Cir. 1992)).

Here, Plaintiff contends that he is entitled to a new trial because Defendant's counsel engaged in allegedly improper conduct throughout trial. Specifically, Plaintiff takes issue with defense counsel's summation, in which Plaintiff argues that counsel misstated the legal standard of proof for a Section 1983 claim. Additionally, Plaintiff contends that defense counsel violated two of the Court's *in limine* rulings regarding (1) the use of Plaintiff's prior acts of piracy and (2) the scope of Dr. Siegel's testimony. I disagree.

As to Plaintiff's first argument, Plaintiff takes issue with the following statement made by defense counsel: "[t]here is no evidence that Lt. Roman intended to use his vehicle to effectuate the arrest of Timothy Epifan."[3] Plaintiff maintains, as he did in his objection during Defendant's summation, that this is a misstatement of the law. To the contrary, however, the statement made by defense counsel in summation was simply a reiteration of the jury instruction regarding intent and counsel did not misstate the law of excessive force. *See* Trial Tr 26:16-26:20, June 16, 2015; *see also Smart v. Borough of Lindenwold*, 2010 WL 891344, at *3 (D.N.J. Mar. 9, 2010) ("As a threshold issue, Plaintiff's claim that law enforcement officers have used excessive force in the course of an arrest of a citizen must therefore allege a deliberate act."). Because I find counsel's statement was an accurate reflection of the jury instruction on excessive force,[4] I also find that counsel's argument in that regard did not influence the jury's verdict. Nevertheless, even if defense counsel did misstate the law in his closing statement, this one alleged improper statement by counsel in this context is insufficient to disturb the jury's verdict. *See S.E.C. v. Teo*, No. 04-01815, 2011 WL 4074085, at *11 (D.N.J. Sept. 12, 2011) ("Generally, new trials are granted due to attorney misconduct where the misconduct was pervasive."). Moreover, this Court specifically reminded the jury at the close of Defendant's summation that "you might hear counsel refer to the law in their closing arguments, and I remind you if any difference appears to you between the law that was stated by counsel and that as stated by the Court in my instructions, you know you are

---

[3] This aspect of Defense counsel's argument was both verbally presented to the jury and shown to the jury by way of a PowerPoint presentation.

[4] I delivered the jury instructions to the jury prior to closing arguments. And, following Defendant's summation, I reiterated to the jury that "Mr. Epifan must prove that Lieutenant Roman intended to commit the acts in question; that is, he intended to use his vehicle to effectuate the arrest, but apart from that requirement Lieutenant Roman's actual motivation is irrelevant." Tr. June 16, 2015, T26:16-T26:20. In addition, a written copy of the jury instructions was given to the jury when they retired to the jury room to deliberate.

governed by my instructions." Trial Tr. 93:3-93:9, June 16, 2015. Curative instructions -- such as this one provided to the jury -- are more than sufficient to correct any misstatement of the law during Counsel's summations. *See Vandenbraak*, 209 Fed. Appx. at 190.

Next, Plaintiff contends that he is entitled to a new trial because defense counsel allegedly violated several of the Court's rulings on the parties' motions *in limine* regarding witness testimony. Specifically, Plaintiff maintains that defense counsel violated this Court's prohibition on the admission of Plaintiff's prior acts of piracy by questioning Plaintiff and his father on Plaintiff's *hobby* of pirating. While my ruling did prohibit discussion of Plaintiff's prior or future *specific* acts of piracy, it did not, as Plaintiff suggests, prohibit any discussion of piracy in general. *See* Trial Tr, 28:10-25, June 11, 2015. And, defense counsel's questions regarding Plaintiff's hobby did not involve asking Plaintiff any specific acts of piracy. Indeed, I permitted, at trial, defense counsel to question Plaintiff in this regard: "You can ask the plaintiff if that's a hobby, and it could be considered as a 404(b) act, other prior bad acts, and we can discuss it in that context. I did not rule on that." *Id.* at T33:23-34:1. Plaintiff, on this motion, has not raised any new arguments that would necessitate a new trial on this basis.

Plaintiff further contends that defense counsel violated this Court's *in limine* ruling that Dr. Spiegel, a defense psychologist, could not opine on Plaintiff's credibility. First and foremost, Plaintiff has failed to point to any testimony of Dr. Spiegel that tended to show that Dr. Spiegel opined specifically on Plaintiff's credibility. Rather, Dr. Spiegel's testimony dealt with his review of Plaintiff's medical records, describing his personal evaluation of plaintiff and his opinion relating to Plaintiff's purported psychological injuries. The Court, however, did not preclude Dr. Spiegel from discussing the inconsistencies between Plaintiff's sworn statements and Plaintiff's misstatements to Dr. Spiegel concerning historical events. But, none of Dr. Spiegel's testimony

involved the doctor opining on Plaintiff's credibility. And, Plaintiff had an opportunity to cross-examine Dr. Spiegel on those issues. *See* Trial Tr. 56:13-17. More importantly, however, it does not appear from the record that Plaintiff made any objections in this regard during Dr. Spiegel's testimony. Because of this failure to object, Plaintiff has waived any right to challenge Dr. Spiegel's testimony on a post-trial motion. *Ghee*, 2013 WL 4500333 at *3 n.6 (citing *Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir. 1998)).

Nevertheless, even if defense counsel's questions, as noted above, taken as a whole were improper, they are insufficient bases to find that "the jury's verdict resulted in a miscarriage of justice or [that] the verdict, on the record, cries out to be overturned or shocks our conscience." *Greenleaf*, 174 F.3d at 366. Indeed, an important consideration in granting a new trial for improper conduct by counsel is "the amount of alleged improprieties." *Vandenbraak*, 209 Fed. Appx. at 189-90. These isolated issues are not sufficient to disturb the jury's verdict. *See id.* Accordingly, Plaintiff's motion for a new trial is denied.

## CONCLUSION

Based on the above reasons, Plaintiff's motion for a judgment not withstanding the verdict, or in the alternative, for a new trial is **DENIED** in its entirety.

DATED: September 22, 2015  /s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge